**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANGELO BOLOGNA,

    Plaintiff,

vs.                                                             Case No. 3:08-cv-525-J-32TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## ORDER ON PLAINTIFF'S E.A.J.A. PETITION FOR ATTORNEY'S FEES[1]

This case is before the Court on Plaintiff's Uncontested Petition for Attorney's Fees (Doc. 21), pursuant to the Equal Access to Justice Act.

Based upon the unopposed application and supporting itemization and the Court's independent review, the Court makes the following legal and factual findings:

    (1)    Attorney's fees are authorized in this action because plaintiff, having obtained a sentence four remand/reversal of denial of benefits, is a "prevailing party," <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02 (1993); the Commissioner's position here was not substantially justified; the plaintiff had a net worth of less than $2,000,000 at the time the complaint was filed and there are no special circumstances which would make the award unjust. <u>See</u> 28 U.S.C. §2412(d); <u>Commissioner, I.N.S. v. Jean</u>, 496 U.S. 154, 158 (1990).

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

(2) The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. §2412(d)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. §406(b)(1). There is no contention here that the claimed fee would exceed that amount.

(3) The Court accepts plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate and the Court will award fees based on plaintiff's proposed hourly rate of $166.45.

(4) Plaintiff seeks an award based on 21.5 hours of attorney time. Upon review of plaintiff's counsel's time records, the Court finds the time spent is reasonable.

(5) The Court finds that $3,578.67 ($166.45 x 21.5 hours) is a reasonable fee in this case (plaintiff proceeded *in forma pauperis* and did not incur costs).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Uncontested Petition for Attorney's Fees (Doc. 21) is **GRANTED** and the Clerk shall enter judgment in favor of plaintiff and against defendant in the amount of **$3,578.67** in attorney's fees.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of January, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

s.

Copies to:

Richard A. Culbertson, Esq.
Susan R. Waldron, Esq. (AUSA-Tampa)